# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Melinda J. Gibeau, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:13-1860 |
| vs. | ) | |
| | ) | |
| Carolyn W. Colvin, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |

This matter comes before the Court on the Commissioner's own motion that her prior decision in this matter denying Plaintiff's disability claim be reversed and remanded in accord with the Report and Recommendation ("R & R") of the Magistrate Judge. (Dkt. No. 18). This is the second occasion a disability claim of Plaintiff has come before this Court. Plaintiff initially filed a claim for disability with an alleged onset date of April 5, 2006. In a decision of February 6, 2012, this Court reversed the Commissioner's decision denying Plaintiff's disability claim on the basis that the Administrative Law Judge ("ALJ"), Edward T. Morriss, had overlooked and failed to address the claimant's long psychiatric history, mistakenly finding that she had "only recently sought mental health treatment." Transcript of Record ("Tr.") 502. The matter was remanded to the agency for further action consistent with the Court's decision.

Meanwhile, Plaintiff pursed a separate claim of disability with an onset date of April 14, 2009. A hearing was held on this claim on March 14, 2012, and the ALJ in that case, Regina L. Warren, issued a decision on March 30, 2012, concluding that Plaintiff was disabled under the Social Security Act beginning on April 14, 2009. ALJ Warren found that Plaintiff was limited to sedentary work and there did not exist significant jobs in the national economy which Plaintiff

-1-

could perform with her documented functional limitations. Tr. 534-37. In making her findings, ALJ Warren gave credence to the opinions of Plaintiff's treating physicians and the subjective complaints of the claimant, finding they were "generally consistent" with her medical history. Tr. 535-36. In light of this favorable administrative decision for Plaintiff, the only issue which remained open from her previous Social Security disability application concerned the period of April 5, 2006, through April 14, 2009.

ALJ Morriss conducted an administrative hearing on the earlier Social Security disability application on July 11, 2012, and issued a decision on August 8, 2012, finding that Plaintiff retained the residual functional capacity for light work during the period April 5, 2006, through April 14, 2009. Tr. 454-58. ALJ Morriss concluded that there existed sufficient jobs in the national economy Plaintiff could perform and she was, therefore, not disabled under the Social Security Act during this time period. Tr. 459. In reaching that decision, ALJ Morriss gave "little weight" to opinions expressed in response to a questionnaire signed on May 20, 2009, by Nurse Practitioner Candy S. McLeod and Dr. Brian Adler, both treating health care providers of Plaintiff. Tr. 458. These responses indicated that Plaintiff had significant limitations on her ability to sit, stand, walk, and lift, which if credited would likely render Plaintiff disabled under the Social Security Act. Tr. 385-90.

As the Magistrate Judge noted in the R & R, ALJ Morriss mentioned only Nurse Practitioner McLeod as the author of the May 20, 2009 document and did not state that Dr. Adler, an internist, had also signed the questionnaire. This is not a small matter since the opinions of treating physicians are accorded special enhanced treatment under Social Security regulations while the opinions of non-physician health care providers, such as nurse practitioners,

-2-

are not accorded that same level of deference. *See* 20 C.F.R. §§ 404.1513, 404.1527. There is no indication that the opinions expressed in the May 20, 2009 document were recognized by ALJ Morriss as being signed by Plaintiff's treating physician, Dr. Adler, or that the factors for consideration of the opinions of treating physicians set forth in the Treating Physician Rule were used in assessing the weight to be given those opinions. Tr. 458. Therefore, the Court agrees with the conclusion reached by the Magistrate Judge that reversal of ALJ Morriss' decision of August 8, 2012, is necessary and that the matter should be remanded to the agency to evaluate the opinions expressed in the May 20, 2009 document pursuant to the standards set forth in § 404.1527(c) for the evaluation of the opinions of treating physicians.[1]

## Conclusion

The Court hereby adopts Sections I, II (A) and (B)(1) of the R & R as the order of the Court. Since the ALJ's assessment of Plaintiff's credibility may be impacted by the weight accorded the opinions of Dr. Adler expressed in the May 20, 2009 document, the Court declines to adopt Section II(B)(2) of the R & R and directs the Commissioner to reassess Plaintiff's credibility after appropriately weighing the opinions of the treating physicians. The decision of the Commissioner is hereby reversed pursuant to Sentence Four of 42 U.S.C. § 405(g) and

---

[1] Although the opinions of Dr. Adler were presented outside the period at issue in this claim (the opinion was issued on May 20, 2009, and the relevant period of the disability claim is April 5, 2006, through April 14, 2009), these opinions may be given retrospective consideration where they may be relevant to the applicable period. *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340-41 (4th Cir. 2012). Further, to the extent the period applicable to Dr. Adler's opinions is unclear from the available record, the ALJ should contact Dr. Adler to obtain further clarification of this matter as part of the ALJ's duty to "make every reasonable effort" to obtain "all medical evidence" from treating physicians to complete a "full and fair record." 42 U.S.C. § 423(d)(5)(B); *Davis v. Colvin*, No. 9:11-1863, 2014 WL 1622177, at *6 (D.S.C. Apr. 22, 2014).

remanded to the agency for further action consistent with this order.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

June 24, 2014
Charleston, South Carolina